UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VEGAS PROPERTY SERVICES, INC.,<br><br>Defendant. | Case No. 2:17-cv-00617-RFB-NJK<br><br>ORDER |
| VEGAS PROPERTY SERVICES, INC.,<br><br>Counter-Claimant,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC and BARBARA J. ESSES,<br><br>Counter-Defendants. | |

## I. INTRODUCTION

Before the Court are three contested motions: Defendant Vegas Property Service, Inc.'s Motion for Summary Judgment, ECF No. 28; Plaintiff Nationstar Mortgage, LLC's Motion for Summary Judgment, ECF No. 30; and Nationstar's Motion to Extend Time. ECF No. 33.

## II. PROCEDURAL BACKGROUND

This matter arises from a nonjudicial foreclosure sale conducted by a homeowners' association under Nevada Revised Statutes ("NRS") Chapter 116. Nationstar sued Vegas Property on February 27, 2017, alleging two claims: (1) quiet title or declaratory judgment and (2) injunctive relief. ECF No. 1. Nationstar alleges the foreclosure sale could not have extinguished its interest

in the property for several reasons. Id. at 6–10. Its main allegation is that the foreclosure sale, as conducted under Chapter 116, violated its due process rights guaranteed by the federal and the state constitutions. Id. at 6–8. But it also alleges additional bases for its argument: the recorded foreclosure notices failed to describe the super-priority component of the homeowners' association's lien; the homeowners' association would have rejected tender to satisfy the super-priority lien; the foreclosure sale was commercially unreasonable; the recorded notices provided improper calculations of the super-priority component of the homeowners' association's lien; and, the purchasers at the foreclosure sale do not qualify as bona fide purchasers. Id. at 8–10. Further, on the same day as filing its complaint, Nationstar filed a notice of *lis pendens* on the property and a certificate of interested parties. ECF Nos. 4, 2. In the certificate of interested parties, Nationstar certified that "there are no known interested parties other than [Nationstar and Vegas Property]." ECF No. 2 at 1.

Vegas Property answered the complaint and asserted a counterclaim on March 24, 2017. ECF No. 10. In its counterclaim, Vegas Property also seeks to quiet title or for declaratory relief against Nationstar and against Defendant Barbara Esses. Id. Nationstar answered the counterclaim on April 4, 2017, asserting various affirmative defenses. ECF No. 11. Esses has not yet participated in this action. See docket generally.

On July 12, 2018, the Court stayed the matter pending a decision on a question certified to the Nevada Supreme Court regarding the notice requirements of Chapter 116. ECF No. 27. The Court denied two dispositive motions without prejudice to refiling after the certified question was resolved. Id. The Nevada Supreme Court issued its decision in August 2018.

Vegas Property now moves for summary judgment. ECF No. 28. Nationstar opposed the motion, and Vegas Property replied. ECF Nos. 34, 36.

Nationstar also moves for summary judgment. ECF No. 30. Vegas Property opposed, and Nationstar replied. ECF Nos. 32, 35. Nationstar also seeks to extend the deadline to respond to Vegas Property's motion. ECF No. 33. The motion was fully briefed. ECF Nos. 37, 38.

**III.    FACTUAL BACKGROUND**

    **a.  Undisputed facts**

This matter centers on the parties' interests in a property located at 5710 East Tropicana Avenue, Unit 2106, Las Vegas, Nevada 89122. Esses borrowed funds from Moneyline Lending Services, Inc. to purchase the property in 2006 and recorded a corresponding deed of trust on January 5, 2007. The property sits in a community governed by a homeowners' association. Thus, Esses was responsible for making timely payments of the homeowners' association dues. When she failed to do so, the homeowners' association foreclosed on the property. The foreclosure sale occurred on November 1, 2013.

But Nationstar provides evidence, consistent with that which is required by the Nevada Supreme Court and the Ninth Circuit, to establish that Federal National Mortgage Association ("Fannie Mae") purchased the loan (the promissory note and the deed of trust) in January 2007. Fannie Mae has owned the loan ever since. Nationstar began servicing the loan as of May 7, 2013.

In 2008, Congress enacted the Housing and Economic Recovery Act ("HERA"), 12 U.S.C. § 4511 *et seq.* HERA established the Federal Housing Finance Agency ("Agency"), an independent federal agency with regulatory and oversight authority over Fannie Mae. The Agency placed Fannie Mae under its conservatorship in September 2008.

Fannie Mae also provides a document referred to as the Guide, which governs its relationship with its services, such as Nationstar. The Guide provides that servicers may act as record beneficiaries for the deeds of trust owned by Fannie Mae. It also provides that Fannie Mae may require servicers to assign the deeds of trust to Fannie Mae upon Fannie Mae's demand. The Guide states, in part:

> The servicer ordinarily appears in the land records as the mortgagee to facilitate performance of the servicer's contractual responsibilities, including, but not limited to, the receipt of legal notices that may impact Fannie Mae's lien, such as notices of foreclosure, tax, and other liens. However, Fannie Mae may take any and all action with respect to the mortgage loan it deems necessary to protect its . . . ownership of the mortgage loan, including recordation of a mortgage assignment, or its legal equivalent, from the servicer to Fannie Mae or its designee. In the event that Fannie Mae determines it necessary to record such an instrument, the servicer must assist Fannie Mae by … preparing and recording any required documentation, such as mortgage assignments, powers of attorney, or affidavits; and [by] providing recordation information for the affected mortgage loans.

/ / /

The Guide allows for a temporary transfer of possession of the note when necessary for servicing activities, including "whenever the servicer, acting in its own name, represents the interests of Fannie Mae in … legal proceedings." The temporary transfer is automatic and occurs at the commencement of the servicer's representation of Fannie Mae. The Guide also includes a chapter regarding how servicers should manage litigation on behalf of Fannie Mae. But the Guide also clarifies that "Fannie Mae is at all times the owner of the mortgage note[.]"[1]

### a. Disputed Facts

The facts in this matter are largely undisputed. Vegas Property instead complains about the late disclosure of any alleged Fannie Mae property interest and disputes whether Fannie Mae sufficiently establishes that it acquired an interest in the property under state laws.

## IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility

---

[1] The Court takes judicial notice of: (1) the publicly recorded documents related to the deed of trust and the foreclosure sale; (2) the Guides provided by Nationstar relating to its relationship with Fannie Mae; and (3) statements published to the Agency's government website indicating it did not consent to the extinguishment of the enterprises property interests. Fed. R. Civ. P. 201 (b), (d); see also Berezovsky, 869 F.3d at 932–33 (judicially noticing the Guide); see also Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (judicially noticing undisputed matters of public record).

- 4 -

determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

**V.  DISCUSSION**

To begin, the Court addresses the application of the Federal Foreclosure Bar, 46 U.S.C. § 4617 (j)(3). The Ninth Circuit held that the Federal Foreclosure Bar preempts Chapter 116 from extinguishing a property interest of a federal enterprise under the conservatorship of the Federal Housing Financial Agency ("Agency") unless the enterprise or the Agency consents to the extinguishment. Berezovsky v. Moniz, 869 F.3d 923, 927–31 (9th Cir. 2017); see also Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC, 893 F.3d 1136, 1149–50 (9th Cir. 2018). The Nevada Supreme Court has subsequently agreed. Nationstar Mortg., LLC v. Guberland LLC-Series 3, 420 P.3d 556 (Nev. 2018) (favorably citing Berezovsky). Thus, the Federal Foreclosure Bar preempts a foreclosure sale conducted under Chapter 116 from extinguishing a property interest of Fannie Mae without Fannie Mae's, or the Agency's, consent.

Based on the evidence submitted by Nationstar in support of its motion, the Court finds that Federal Foreclosure Bar would likely be dispositive in this matter. However, Nationstar failed to allege the Federal Foreclosure Bar as a basis in its complaint or in its answer to the counterclaim. It also failed to disclose Fannie Mae's alleged interest until the last day before the close of discovery, thereby preventing Vegas Property from conducting discovery on the issue. Thus, because the Federal Foreclosure Bar was not a basis under which Nationstar proceeded in this matter, the Court declines to rule on the issue at this time. See Fed. R. Civ. P. 8. Because the claims and the crossclaims cannot be fully resolved without deciding the applicability of the Federal Foreclosure Bar and Vegas Property was noticed of the alleged during the discovery process, the Court orders Nationstar to file an amended complaint to properly assert the theory. Further, to remedy the possibility of any prejudice to Vegas Property, the Court orders discovery be reopened for sixty days. The Court finally orders that renewed motions for summary judgment that address the applicability of the Federal Foreclosure Bar be filed thereafter.

/ / /

## VI. CONCLUSION

**IT IS ORDERED** that Defendant Vegas Property Service, Inc.'s Motion for Summary Judgment (ECF No. 28) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff Nationstar Mortgage, LLC's Motion for Summary Judgment (ECF No. 30) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff Nationstar Mortgage, LLC's Motion to Extend Time (ECF No. 33) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff Nationstar Mortgage, LLC shall amend its complaint to include any factual allegations related to the property interest of the federal enterprise by no later than April 29, 2019. The parties shall conduct any additional discovery by June 28, 2019. The parties shall file dispositive motions, regarding the application of the Federal Foreclosure Bar by July 29, 2019. Any responses to the dispositive motions shall be due by August 12, 2019. Any replies shall be due by August 26, 2019.

DATED: March 30, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**