UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VEGAS PROPERTY SERVICES, INC.,<br><br>　　　　　Defendant.<br><br>―――――――――――――――<br><br>VEGAS PROPERTY SERVICES, INC.,<br><br>　　　　　Counter-Claimant,<br><br>　　v.<br><br>NATIONSTAR MORTGAGE, LLC and BARBARA J. ESSES,<br><br>　　　　　Counter-Defendants. | Case No. 2:17-cv-00617-RFB-BNW<br><br>ORDER |

### I.    INTRODUCTION

Before the Court is Defendant Vegas Property Services, Inc.'s motion for relief from void judgment for lack of subject matter jurisdiction. ECF No. 74. For the reasons stated below, this motion is denied.

### II.    PROCEDURAL BACKGROUND

This matter arises from a nonjudicial foreclosure sale conducted by a homeowners' association under Nevada Revised Statutes ("NRS") Chapter 116. Nationstar Mortgage, LLC ("Nationstar") sued Vegas Property Services Inc. ("Vegas Property") on February 27, 2017, alleging two claims: (1) quiet title or declaratory judgment and (2) injunctive relief. ECF No. 1.

1  Vegas Property answered the complaint and asserted a counterclaim on March 24, 2017.  ECF No.
2  10.  In its counterclaim, Vegas Property also sought to quiet title or for declaratory relief against
3  Nationstar and against Defendant Barbara Esses.  Id.
4  　　　　　On July 12, 2018, the Court stayed the matter pending a decision on a question certified to
5  the Nevada Supreme Court regarding the notice requirements of Chapter 116.  ECF No. 27.  The
6  Court denied two dispositive motions without prejudice to refiling after the certified question was
7  resolved.  Id.  The Nevada Supreme Court issued its decision in August 2018.  The parties filed
8  cross motions for summary judgment.  ECF Nos. 28, 30.  On March 30, 2019, the Court denied
9  these motions but gave Nationstar leave to amend its complaint to allege facts supporting the
10 application of the Federal Foreclosure Bar.  ECF No. 45.
11 　　　　　On April 29, 2019, Nationstar filed its first amended complaint.  ECF No. 46.  On July 29,
12 2019, Nationstar filed a motion to for summary judgment.  ECF No. 52, corrected at 54.  Briefing
13 closed on September 27, 2019.  On December 4, 2019, the Court granted Nationstar's motion and
14 expunged the notice of *lis pendens*.  ECF No. 62.  Judgment was entered in Nationstar's favor.
15 ECF No. 63.  On January 13, 2020, Vegas Property filed a Notice of Appeal.  ECF No. 65.  The
16 Ninth Circuit affirmed the ruling of this Court on March 3, 2021.  ECF No. 71.  On January 18,
17 2022, Vegas Property filed the instant motion for relief from void judgment.  ECF No. 74.  Briefing
18 ended on the motion on March 9, 2022.  This order follows.
19
20 　　　**III.　　FACTUAL BACKGROUND**
21 　　　　　The Court incorporates by reference the factual background presented in its prior order.
22 ECF No. 62.  As it pertains to the instant Motion, the Court takes judicial notice of facts based on
23 prior state and federal court proceedings related to the underlying property and its ownership.  The
24 Court emphasizes the following:
25 　　　　　This action arises out of an HOA foreclosure on the residential property located at 5710 E.
26 Tropicana Ave. #2106, Las Vegas, Nevada 89122.  The property was first purchased by the
27 FutureGen Company.  On December 4, 2013, FutureGen filed a quiet title action against Nationstar
28 and its predecessor in the Nevada Eighth Judicial District Court.  On June 12, 2014, the Securities

and Exchange Commission filed an action in the United States District Court for the District of Columbia against FutureGen. The District Court granted emergency relief pursuant to which FutureGen assets, including its interest in the property, were frozen. On August 28, 2014, FutureGen moved to stay the State Court case, because its assets were frozen by the SEC action in Federal Court. On October 31, 2015, FutureGen, through its court-appointed receiver, sold the Property to Vegas Property.  Because there was no movement on the State Court case for nearly two years, on February 2, 2017, the Eighth District Court filed an Order to Statistically Close the Case for involuntary dismissal.  On February 27, 2017, Nationstar and FutureGen stipulated to voluntary dismissal of the State Court case without prejudice. Nationstar commenced this case against Vegas Property that same day, February 27, 2017.  The stipulation of voluntary dismissal was filed on March 2, 2017.  The notice of entry of the order was filed on March 8, 2017.

### IV.   LEGAL STANDARD

Rule of Civil Procedure 60(b)(4) allows for final judgments to be declared void in certain circumstances, "including certain limited situations in which the court lacked subject-matter jurisdiction to enter the judgment in the first place." Hoffmann v. Pulido, 928 F.3d 1147, 1151 (9th Cir. 2019).  "In the interests of finality, the concept of void judgments is narrowly construed . . . ." Jones v. Giles, 741 F.2d 245, 248 (9th Cir. 1984); see also United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010) ("[A] judgment is void because of a jurisdictional defect [only in the] exceptional case in which the court that rendered judgment lacked even an 'arguable basis for jurisdiction.'").

### V.   DISCUSSION

"The prior exclusive jurisdiction doctrine holds that when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res." Chapman v. Deutsche Bank Nat'l Trust Co., 651 F.3d 1039, 1043 (9th Cir. 2011) (internal citation and quotation marks omitted).  A Nevada quiet title action "may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action,

for the purpose of determining such adverse claim." NRS § 40.010. The Supreme Court of Nevada has clarified that quiet title actions are not *in personam* actions, and are squarely in rem or quasi in rem. See Chapman v. Deutsche Bank Nat'l Trust Co., 302 P.3d 1103, 1106-07 (Nev. 2013) (certifying, upon request from the Ninth Circuit, that Nevada quiet title actions are subject to the prior exclusive jurisdiction doctrine, because they are not *in personam* actions).

The Court finds that the facts of Chapman may be distinguished from this case. In Chapman, there was a pending state court "in rem" case and the subject of the appeal was the district court's denial of appellant's motion to remand. Here, there is no question that the state court case ended in 2017, that there was no motion to remand the federal court case, and that the state court was not actively exercising its jurisdiction after the concurrence of two events: first, its February 2, 2017, order recommending case closure for involuntary dismissal, and second, Nationstar and FutureGen's February 27, 2017 stipulation as to dismissal.

Vegas Property cites to Brown v. MHC Stagecoach, LLC, which held that under Nevada law, an order statistically closing a case was not a "final judgment" and could not be appealed. 301 P.3d 850, 851 (2013). This is relevant to the argument that state court jurisdiction over the proceeding was not eliminated by issuance of the February 2, 2017 order, but it does not address how such an order would affect an assessment of "concurrent" jurisdiction. More specifically, Vegas Property does not explain why, in the context of voiding a judgment, which is heavily disfavored, the Court should blindly assume that a state court is exercising jurisdiction over a case that was stayed for an extended period and where the parties entered into a stipulation to voluntarily dismiss the case after the state court itself construed the case *involuntarily* dismissed.

The question before the Court is whether, on the above facts, there is an "arguable" basis for jurisdiction, as that would appear sufficient for this Court's prior judgment to survive a Rule 60(b)(4) motion. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010). In United Student Aid Funds, the Supreme Court held that it is only in instances where there was a "clear usurpation of power" that a judgment will be deemed void on jurisdictional grounds. Id.

The Court finds that on the one hand, there cannot be a real power dispute when the state court has issued an order—even if it is interlocutory—that the *in rem* matter was dismissed

involuntarily.  The Court is also aware, however, that where *in rem* proceedings are concerned, "a federal court must yield to a prior state proceeding." U.S. v. One 1985 Cadillac Seville, 866 F.2d 1142, 1145 (9th Cir. 1989) (reversing a federal court ruling on the grounds that the concurrent state court had prior exclusive jurisdiction over the underlying property even though the state court case was inactive).

The Court finds that while there is no controlling precedent dealing with sufficiently similar facts, the Ninth Circuit strictly applies the prior exclusive jurisdiction in the following fashion: first, the Court must consider whether the two actions concern the same subject matter and are both *in rem*; if so, the Court must then look to see whether the state court action was filed first. Then the Court reviews whether the state court has affirmatively withdrawn its jurisdiction over the property, if so, jurisdiction remains with the Federal Court, regardless of when the state court action was filed.  See Chapman, 651 F.3d at 1043; Cadillac Seville, 866 F.2d at 1145.

Here, the Court cannot hold that an interlocutory order and a to-be-filed stipulation divested the state court of jurisdiction over the property.  The Court notes, however, that the facts of this case are different that those in Cadillac Seville, in that the state court determined that the case before it was involuntarily dismissed and the state court case was closed within four days of the commencement of Nationstar's federal court case against Vegas Property. At this juncture, there is no pending state court action for the Court's consideration.  Strictly applying Ninth Circuit precedent, in the present context of a Rule 60(b)(4) motion, the Court does not void the judgment in this case at this juncture, because there is no state court case, active or inactive, competing for jurisdiction over the property; such a case existed and had proper jurisdiction over the property for four days after the commencement of the federal court litigation.

/ / /

/ / /

/ / /

**VI.   CONCLUSION**

**IT IS ORDERED** that Defendant Vegas Property Service, Inc.'s Motion for relief from void judgment for lack of subject matter jurisdiction (ECF No. 74) is DENIED.

DATED: September 30 2022.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**